**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| **RONALD E. GILLETTE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2017-0004 |
| ) | Criminal Action No. 2007-50 |
| **RICK MULLGRAV, BOC DIRECTOR,** ) | |
| and **NOMINAL RESPONDENTS,** ) | |
| **U.S. MARSHAL (STX),** ) | |
| **U.S. DISTRICT COURT (STX),** ) | |
| and **U.S. ATTORNEY (STX),** ) | |
| ) | |
| Respondents. ) | |

**Appearance:**
**Ronald Gillette,** *Pro Se*
Eloy, AZ

## MEMORANDUM OPINION AND ORDER MODIFYING AND ADOPTING IN PART REPORT AND RECOMMENDATION

THIS MATTER comes before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge George W. Cannon, Jr. dated February 2, 2018. (Dkt. No. 34).[1] Magistrate Judge Cannon recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Ronald E. Gillette ("Gillette") be dismissed as time-barred. *Id.*[2] Gillette, who is appearing *pro se*, filed Objections to the Report and Recommendation. (Dkt. No. 42). Based on the Court's review of this matter, including Gillette's Objections, the Court will modify and adopt in part the R&R, dismiss Gillette's § 2254 Petition, and deny a certificate of appealability.

---

[1] The Docket Numbers referred to here are found in Gillette's Civil Action No. 2017-0004.

[2] Magistrate Judge Cannon also ordered that Gillette's Motion to Proceed In Forma Pauperis (Dkt. No. 2) be granted. (Dkt. No. 34).

## I. BACKGROUND

In October 2007, Gillette was indicted by a federal grand jury charging him with numerous crimes related to his alleged failure to register as a sex offender under federal law, and his alleged unlawful sexual contact with two minors, in violation of Virgin Islands law. *United States v. Gillette*, 738 F.3d 63, 68 (3d Cir. 2013). The District Court conducted a bench trial on all charges. After the Government rested its case in chief, Gillette moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. The Court dismissed the federal charges, declined to dismiss the local charges, and ultimately found Gillette guilty of twenty local charges. *Id.* at 69.

Gillette was sentenced by the District Court in June 2009 to 155 years imprisonment, a $50,000 fine, and $220,000 in restitution. *Id.* at 69-70. Gillette filed a timely notice of appeal alleging, *inter alia,* that once the federal charges were dismissed, the District Court did not have jurisdiction over the local charges. The Third Circuit found that the District Court properly exercised concurrent jurisdiction over the local charges, and affirmed Gillette's conviction. *Id.* at 71-75. On June 2, 2014, Gillette's petition for writ of certiorari to the United States Supreme Court was denied. *Gillette v. United States*, 134 S. Ct. 2714 (2014).

Gillette's instant "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" was filed on November 10, 2016. (Dkt. No. 1). As Respondents, Gillette named Rick Mullgrav, Director, Virgin Islands Bureau of Corrections, and "Nominal Respondents, U.S. Marshal (STX), U.S. District Court (STX), and U.S. Attorney (STX)." *Id.* At the time Gillette filed his Petition, he was incarcerated at Saguaro Correctional Center in Eloy, Arizona. *Id.* It appears that Gillette is claiming that he suffered physical and mental abuse under the Cooperative Agreement Program between the U.S. Marshals Service and the Virgin Islands Bureau of Corrections and he experienced appalling housing conditions as a federal detainee in Golden Grove Correctional Facility on St. Croix. He questions whether his conviction as a federal detainee can

2

stand if he had a brain infection; whether a federal prosecutor, unlicensed in the Virgin Islands, could prosecute local crimes; and whether the U.S. Marshals case agent could sit at the prosecution table during trial. *Id.*

In the R&R, the Magistrate Judge recommended that Gillette's § 2254 petition be dismissed as untimely because Gillette filed the petition outside the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). (Dkt. No. 34 at 7). Gillette's one-year statute of limitations began to run on the date his judgment became final—on June 2, 2014 when the Supreme Court denied his petition for writ of certiorari. 28 U.S.C. § 2244(d)(1)(A). However, he filed his habeas petition in November 2016—nearly two and one-half years later—resulting in his petition being time-barred. (Dkt. No. 34).

Although the one-year limitations period may be equitably tolled in appropriate circumstances, the Magistrate Judge concluded that the reasons proffered by Gillette did not satisfy those requirements. (Dkt. No. 34 at 7-9).[3] Gillette claimed his late filing was justified because the Virgin Islands Superior Court was slow to respond to a habeas petition his attorney had filed in that court. The R&R pointed out that filing a successive habeas petition in federal court was not the appropriate procedure to address an alleged delay concerning a habeas petition in another court. *Id.* at 8. The Magistrate Judge also concluded that Gillette's counsel had properly addressed the local court's delay by filing a petition for a writ of mandamus, after which the Superior Court

---

[3] The one-year limitations period is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). Equitable tolling should be used "sparingly." *Id.* If a habeas motion is time-barred under AEDPA, and equitable tolling does not apply, a court must dismiss the habeas motion. *Pace v. Vaughn*, 71 F. App'x 127, 129 (3d Cir. 2003).

3

granted his habeas petition. *Id.* In any event, the Magistrate Judge observed that Gillette had not pursued his rights diligently since he did not file the instant petition during the period of delay by the Superior Court in addressing his local habeas petition, but had waited an additional eight months after the delay had been addressed to file the petition in this Court. *Id.* at 9. Further, although Gillette raised, in passing, an actual innocence claim—which can also overcome a habeas statute of limitations—the Magistrate Judge concluded that Gillette had not provided any new, reliable evidence to support such a claim, but had made only a bald statement that he was innocent which did not suffice to toll the statute of limitations. *Id.* at 9-10. As a result, the Magistrate Judge found the Petition time-barred and recommended dismissal. *Id*. at 10.

Gillette filed an Objection to the R&R in which he stated that the "Magistrate did not address Grounds 1-7. Instead, [he] did a 'debate on innocence.'" (Dkt. No. 42). Gillette referred to his innocence being known by a Ms. Colon pursuant to a 2010 affidavit, a copy of which allegedly was filed in the Superior Court, the Virgin Islands Supreme Court, and sent to the trial judge in Gillette's case. *Id*.[4] He also referred to an allegedly biased report by an expert and claimed that he had been mistreated, psychologically abused, and tortured. *Id.*

## II.  APPLICABLE LEGAL STANDARDS

"Article III requires *de novo* review of a magistrate judge's R&R where a party timely objects." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Peretz v. United States*, 501 U.S. 923 (1991)). Upon such review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); 28

---

[4] This argument repeats the contention that Gillette made in his habeas petition wherein he described the "alleged victim" recanting his accusation in 2010 to family members, including his aunt, and the alleged filing of the aunt's affidavit in the Superior Court and the Virgin Islands Supreme Court. (Dkt. No. 1 at 6).

4

U.S.C. § 636(b)(1)(C) (requiring *de novo* review of those portions of the magistrate judge's findings to which objections are made). However, a court may decline to perform a *de novo* review

> if a party's objections to the R&R merely reiterate issues already presented to the magistrate judge. *See Batchelor v. Rose Tree Media Sch. Dist.,* 2013 WL 1776076, at *4 (E.D. Pa. Mar. 28, 2013), *aff'd,* 759 F.3d 266 (3d Cir. 2014); *Goney v. Clark,* 749 F.2d 6, 6-7 (3d Cir. 1984) (noting a *de novo* review of objections is not appropriate when such review would undermine efficiency of magistrate system); *Morgan v. Astrue,* 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (explaining an objecting party must do more than "simply rehash [ ] arguments already raised to the magistrate judge" to warrant *de novo* review). . . . [A]ddress[ing] objections previously raised before a magistrate judge . . . would "defeat any benefit of judicial efficiency gained by the report and recommendation process." *Palmer v. Astrue,* 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) (quoting *Morgan,* 2009 WL 3541001, at *4).

*Joseph v. Beard*, 2015 WL 1443970 *4 (E.D. Pa. Mar. 27, 2015).

To the extent a party fails to make specific objections to portions of the R&R, the Court reviews the R&R under the "plain error" standard. *Roman v. Overmyer,* 2017 WL 517813, at *1 n.1 (E.D. Pa. Feb. 8, 2017). Under this standard of review, "an R&R should only be rejected if the magistrate judge commits an error that was '(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)); *see also Koch v. Fed. Pub. Defender Office*, 2016 WL 6949556, at *2 (M.D. Pa. Nov. 28, 2016) (for portions of the R&R to which no objection is made, the Court should, "as a matter of good practice, 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72(b), advisory committee notes).

In order for an actual innocence claim to warrant equitable tolling, the petitioner must "'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 184 (3d Cir. 2017) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted)).

5

> Because 'actual innocence' means factual innocence, not mere legal insufficiency,' the Government 'is not limited to the existing record to rebut any showing that [the] petitioner may make.' *Bousley*, 523 U.S. at 623-24, 118 S. Ct. 1604. A habeas court is therefore 'not bound by the rules of admissibility that would govern at trial,' but must instead "make its determination 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.' *Schlup [v. Delo]*, 513 U.S. [298,] 327-28 [(1995)] (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970)). With this broader array of evidence in view, the district court does not exercise its 'independent judgement as to whether reasonable doubt exists'; rather, the actual innocence standard 'requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. *Id.* at 329, 115 S. Ct. 851. And it must be presumed, moreover, that a reasonable juror "would consider fairly all of the evidence presented" and 'conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt.' *Id.*

*Id.*

### III. DISCUSSION

The Court finds that certain jurisdictional and procedural matters should be addressed before addressing the R&R's time-bar analysis.

Pursuant to 28 U.S.C. § 2243, a writ of habeas corpus "shall be directed to the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (providing that an application for writ of habeas corpus shall allege "the name of the person who has custody over" the person detained); Rule 2(a) of Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The proper respondent is thus the warden of the facility where the petitioner is confined at the time he files his petition. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.") (citations omitted); *see also Stanko v. Obama*, 434 F. App'x 63, 65 n.1 (3d Cir. 2011) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Consequently, a "federal court may not grant a habeas writ if the prisoner's custodian is outside

6

the court's jurisdiction." *Martinez v. Francois*, 2014 WL 8247805, at *4 (D.V.I. July 3, 2014) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973)). In *Martinez*, the petitioner was incarcerated in Virginia and filed a habeas petition in this Court, which found that it did not have jurisdiction over petitioner's custodian and thus over the petition. *Id.* at *3.

The same result obtains here. Gillette was confined at Saguaro Correctional Facility in Arizona when he filed his petition in November 2016. Consequently, the warden of Saguaro Correctional Facility would be the proper respondent for a habeas petition pursuant to § 2254.[5] Because this Court does not have jurisdiction over the warden of Saguaro Correctional Facility, it does not have jurisdiction over Gillette's petition.

Although habeas petitions may be amended under § 2242 and Federal Rule of Civil Procedure 15 to add a proper respondent, it would be futile to allow Gillette to amend his petition for a couple of reasons. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); *Forman v. Davis,* 371 U.S. 178, 182 (1962). First, the proper respondent—the warden of Saguaro Correctional Facility—is outside this Court's jurisdiction and, therefore, an amendment would not cure that jurisdictional defect. Second, habeas petitions pursuant to 28 U.S.C. § 2254 are filed in federal court by "a person in custody under a *state-court judgment* who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States," or by "a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a *state-court*

---

[5] In that regard, in addition to naming Rick Mullgrav, Director of the Bureau of Corrections in the Virgin Islands, Gillette improperly named "Nominal Respondents, the U.S. Marshal (STX), U.S. District Court (STX), and U.S. Attorney (STX)" as respondents, none of whom have custody over him. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner. . . . Th[e] custodian, moreover, is the person with the ability to produce the prisoner's body before the habeas court." *Padilla,* 542 U.S. at 434-35 (internal quotation marks and citations omitted). None of the Respondents has custody over Gillette for purposes of habeas review. *Yi*, 24 F.3d at 507.

*judgment* would violate the Constitution, laws, or treaties of the United States." Rule 1(a), of the Rules Governing Section 2254 Cases (emphasis added). Gillette's present or future custody is not under a state-court judgment, but a federal court judgment (Dkt. No. 325 in 2007-cr-0050), notwithstanding that he was convicted in federal court of having violated local statutes.[6] The fact that Gillette was convicted of violations of local statutes does not transform a federal court judgment—which followed a trial and conviction in federal court—into a state court judgment. Because the judgment was not a state court judgment, the circumstances here do not fit within the confines of a § 2254 action, and for this additional reason, any attempt at amendment would be futile.

Finally, even if this Court had jurisdiction over the warden and Gillette could seek relief pursuant to § 2254, his petition is time-barred because it was filed nearly one and one-half years after the expiration of the limitations period. As the Magistrate Judge concluded, Gillette's petition did not warrant equitable tolling because he did not demonstrate that he pursued his rights diligently or that some extraordinary circumstances stood in his way which prevented a timely filing—a position with which this Court agrees on plain error review. *See* Dkt. No. 34 at 7-9; 28 U.S.C. § 2244(d)(1)(A); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (allowing equitable tolling of habeas limitations period, but reserving that only for exceptional circumstances that the litigant must establish).[7]

---

[6] Pursuant to 48 U.S.C. § 1612(c), the District Court of the Virgin Islands has concurrent jurisdiction over certain local crimes "which are of the same or similar character or part of, or based on the same act or transaction' that constitutes a violation of federal law." The local charges were tried together with the federal charges in the District Court pursuant to this statute. The Third Circuit found that the District Court of the Virgin Islands, which convicted Gillette, properly exercised concurrent jurisdiction over the local charges, notwithstanding its dismissal of the federal charges after the Government had rested its case. *Gillette*, 738 F.3d at 71-73.

[7] Plain error review is warranted here because Gillette's passing reference to "innocence" in his Objection invokes the more detailed argument he made in his habeas petition concerning an alleged affidavit by the victim's aunt that purportedly establishes his innocence. *See* n.4, *supra*.

The R&R did not refer to whether a Certificate of Appealability ("COA") should issue in this case. Both state and federal prisoners seeking habeas corpus relief must obtain a COA as a jurisdictional pre-requisite to filing an appeal in the circuit court. *Pabon v. Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011) (state court prisoner); 28 U.S.C. § 2253(c)(1)(B) (federal prisoner).

> [W]hen a district court denies a habeas petition on procedural grounds, without reaching the merits of the underlying constitutional claim . . . , a COA may issue only if the petitioner shows that: (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." 529 U.S. 473, 478 (2000).

*Pabon*, 654 F.3d at 392.

The Court finds that "jurists of reason" would not debate the correctness of this Court's various procedural rulings— improper respondent, improper habeas statutory authority underlying the petition, futility of amendment, and time-barred petition—leading to the dismissal of Gillette's petition on these grounds. Accordingly, the Court will decline to issue a COA.

---

Even if this Court were to find that Gillette's actual innocence argument as stated in his Objection was not a repetition of the actual innocence claim as set forth in his petition, and were to give it *de novo* review, the result would be the same: the Court would adopt the Magistrate Judge's conclusion. To establish actual innocence, Gillette has to persuade this Court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Cristin,* 281 F.3d at 420 (internal quotation marks omitted). Here, Gillette refers to an affidavit allegedly written eight years ago by the aunt of an allegedly recanting victim. The Supreme Court has required a petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Gillette's bare statement that he has an affidavit—which has never been submitted to the Court—that allegedly demonstrates his innocence is not sufficient to "meet the extraordinary test of actual innocence[.]" *Yuzary v. Samuels*, 2007 WL 2332301, at *3 (D.N.J. Aug. 10, 2007); *see also Riley v. Myers*, 2018 WL 2045494, at *6 (M.D. Pa. May 1, 2018) ("Because Petitioner makes no more than conclusory statements regarding actual innocence, the Court concludes he has not come close to satisfying the 'burdensome task' of persuading this Court that, 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017)). Having failed to demonstrate that he is actually innocent, Gillette is not entitled to equitable tolling. As a result, his petition is time barred, as the Magistrate Judge concluded. (Dkt. No. 34 at 9-10).

# **ORDER**

For the reasons stated above, it is hereby,

**ORDERED** that Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation (Dkt. No. 34) is **MODIFIED AND ADOPTED IN PART** for the reasons more fully stated in the R&R and, upon this Court's review, for the reasons set forth above; and it is further

**ORDERED** that Gillette's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Court **DECLINES** to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk of Court shall mark the civil case (2017-cv-0004) **CLOSED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Petitioner Ronald E. Gillette by certified mail, return receipt requested.

**SO ORDERED**.

Date: August 2, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge